**Gabriela Honiria HERNANDEZ; Karla Montserrat Carreno; Federico Arango Carreno, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–72011.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 2006.

Decided Feb. 1, 2006.

Lamar Peckham, for Petitioner Karla Montserrat Carreno.

Federico Arango Carreno, pro se.

Ronald E. LeFevre, Chief Counsel, San Francisco, CA, Marshall Tamor Golding, Esq., Ernesto H. Molina, Jr., Esq., Washington, DC, for Respondent.

Before: TASHIMA, W. FLETCHER, and CALLAHAN, Circuit Judges.

MEMORANDUM *

Petitioners Federico Arango Carreno ("Arango"), his wife, Gabriela Honiria Hernandez, and their daughter, Karla Montserrat Carreno, (collectively "Petitioners"), who are natives and citizens of Mexico, petition for review of the decision of the Board of Immigration Appeals ("BIA"), which affirmed without opinion the decision of the Immigration Judge ("IJ"). The IJ denied Petitioners' applications for asylum and cancellation of removal, but granted voluntary departure. The IJ denied the cancellation of removal applications because Petitioners failed to establish 10 years of continuous physical presence *and* failed to establish the requisite hardship. We deny the petition with regard to the asylum claim, vacate the decision of the BIA as to the cancellation claims, and remand to the BIA to further clarify its reasons for affirming the IJ's denial of the cancellation claims.

■ Petitioners first argue that the IJ improperly relied on hearsay evidence when the IJ asked the government attorney to read an excerpt from the asylum officer's report. This claim was not raised at the hearing or in Petitioners' brief to the BIA. Therefore, the claim was not exhausted below, and we lack jurisdiction to consider the matter. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (holding that we cannot reach the merits of a legal claim not presented in administrative proceedings below).

■ Petitioners next argue that the IJ's positive moral character determination for Arango contradicts the IJ's conclusion that Arango had made a "false claim" for asylum. Under 8 U.S.C. § 1101(f)(6), one who has given false testimony for the purpose of obtaining immigration benefits shall not "be regarded as, or found to be, a person of good moral character." The IJ's favorable moral character determination, in light of the IJ's repeated findings that Arango gave false testimony, therefore could constitute error. This legal error, however, actually benefits Petitioners. Therefore, to the extent that it is erroneous, the IJ's determination is best characterized as harmless error. *See Vides–Vides v. INS,* 783 F.2d 1463, 1469 (9th Cir.1986) (as amended) (applying the harmless error standard to an IJ's procedural error). Accordingly, we deny the petition as to the asylum claim.

■ Regarding the IJ's denial of their cancellation claims, Petitioners contend that the IJ's interpretation of the "exceptional and extremely unusual hardship" standard violated due process because the IJ's decision was made before the BIA had published any decisions interpreting the standard. This argument is without merit. First, Petitioners are unable to demonstrate any prejudice, as is required in order to succeed in a due process challenge. *See Ramirez–Perez v. Ashcroft,* 336 F.3d 1001, 1006 n. 16 (9th Cir.2003) (citing *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001)). By the time the BIA reviewed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the IJ's decision, the BIA had published opinions articulating the new standard and had a full opportunity to remedy any of the IJ's interpretive errors at that time. Because the BIA had this opportunity to ensure that the IJ had applied the new standard correctly, Petitioners are unable to demonstrate any prejudice. Second, and in any event, the standard applied by the IJ fits well within the interpretation that was later articulated by the BIA. *See, e.g., In re Monreal–Aguinaga,* 23 I. & N. Dec. 56 (BIA 2001). We thus reject Petitioners' due process challenge.

Finally, Petitioners ask us to review whether the IJ erred in requiring that Petitioners provide corroborating evidence in order to prove the continuous physical presence requirement. While we have jurisdiction to review the IJ's determination of continuous physical presence, we lack jurisdiction to review the IJ's hardship determination. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003). Because the BIA affirmed the IJ without opinion, we do not know whether the BIA's decision was based on the reviewable or unreviewable ground, or both. *See Lanza v. Ashcroft,* 389 F.3d 917, 927 (9th Cir.2004). Accordingly, we vacate the BIA's decision with respect to the cancellation of removal claim and remand to the BIA with instructions to clarify its grounds for affirming the IJ's denial of Petitioners' applications for cancellation of removal. *See id.* at 932.

**Petition for review DENIED in part; VACATED and REMANDED in part.**